**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NAYENDY GUITY,** | : | **Civil Action No.** |
| **158 Maple Avenue, Apartment 2A** | : | |
| **Irvington, NJ 07111** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **UNDISPUTED LOGISTIX, LLC,** | : | |
| **526 Gulf Avenue** | : | |
| **Staten Island, NY 10314** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Nayendy Guity (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Undisputed Logistix, LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, the New Jersey Law Against Discrimination ("LAD"), and the New York State Human Rights Law. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Undisputed Logistix, LLC is an Amazon Delivery Service

Partner with a location and headquarters located at 526 Gulf Avenue, Staten Island, NY 10314, doing business in New Jersey, New York and Pennsylvania area.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, the New Jersey Law Against Discrimination, and the New York State Human Rights Law.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-05174 and was dual filed.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 22, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On March 15, 2021, Defendant hired Plaintiff in the position of Driver.

21. Plaintiff was well qualified for his position and performed well.

22. In the second week of Plaintiff's employment, Defendant drastically reduced Plaintiff's hours.

23. Plaintiff started her employment at Defendant with Gary LNU and Samuel LNU, but Defendant did not reduce their hours.

24. In fact, Plaintiff was the only Driver that had their hours reduced.

25. Plaintiff was also the only female Driver on her team.

26. In or around the end of March 2022, Plaintiff complained to Tawana Nicholas, Manager, that her hours had been significantly reduced, but her male coworkers continued to work the same amount.

27. This was effectively complaining about gender discrimination.

28. Ms. Nicholas alleged the reason for the reduction in Plaintiff's hours was due to her declining overtime hours.

29. However, Plaintiff had not declined overtime shifts at any time.

30. Shortly afterwards, Plaintiff complained to Michael Guzman, Lead Driver, and two (2) other Supervisors about how she was being treated and Ms. Nicholas' refusal to assign her the hours that she had been informed she would receive at the time of her hire.

31. Plaintiff inquired if she could be transferred to a different team, and was told that she could as long as she received approval from Ms. Nicholas.

32. On April 8, 2021, Plaintiff requested to be placed on a different team to Ms. Nicholas.

33. She replied instead, by telling Plaintiff to submit her resignation letter.

34. When Plaintiff informed Ms. Nicholas that she was not resigning, Ms. Nicholas proceeded to then terminate Plaintiff for alleged poor performance.

35. Plaintiff did not have poor performance.

36. Previously, in early April 2021, Gary crashed his company van into a Jaguar, but was not terminated and did not have his hours reduced.

37. It is Plaintiff's position that he was discriminated against due to her gender and retaliated against for reporting the aforementioned discrimination in violation of Title VII and the NJLAD and New York State Human Rights Law.

## COUNT I – GENDER DISCRIMINATION
## <u>TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED</u>

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Plaintiff is a member of protected classes in that she is female.

40. Plaintiff was qualified to perform the job.

41. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

42. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

43. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

44. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

45. Defendant terminated Plaintiff.

46. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages

as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – GENDER DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION/NEW YORK STATE HUMAN RIGHTS LAW

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff is a member of protected classes in that she is female.

49. Plaintiff was qualified to perform the job.

50. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

51. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

52. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

53. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

54. Defendant terminated Plaintiff.

55. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

56. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

57. Plaintiff engaged in activity protected by Title VII when she complained about gender discrimination to management.

58. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

59. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION/NEW YORK STATE HUMAN RIGHTS LAW

60. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

61. Plaintiff engaged in activity protected by the NJLAD and New York State Human Rights Law when she reported gender discrimination.

62. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, unwarranted disciplines and constructive discharge.

63. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Nayendy Guity, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the LAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                    **RESPECTFULLY SUBMITTED,**

                                    **KOLLER LAW, LLC**

Date: September 20, 2022    **By:**  */s/ David M. Koller*
                                                  David M. Koller, Esquire (90119)
                                                  Jordan D. Santo, Esquire (320573)
                                                  2043 Locust Street, Suite 1B
                                                  Philadelphia, PA 19103
                                                  215-545-8917
                                                  davidk@kollerlawfirm.com
                                                  jordans@kollerlawfirm.com

                                                  *Counsel for Plaintiff*